UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-05805-RGK-AGR | Date | August 30, 2024 |
|---|---|---|---|
| Title | *Lister v. Gund* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**     (IN CHAMBERS) Order Re: Motion to Dismiss and Motion to Remand [DEs 17, 30]

## I.     INTRODUCTION

On June 6, 2024, Chris Lister ("Plaintiff") filed the operative Complaint against Louise Gund and Greensprings Holding Company ("Greensprings" and, collectively with Gund, "Defendants") alleging numerous claims related to his former employment by Defendants. (ECF No. 1-3.) Plaintiff asserts numerous claims under California law in addition to one claim under the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. §§ 1961, *et seq.* On July 10, 2024, Defendants removed the case to this Court on the basis of federal question jurisdiction. (ECF No. 1.)

Presently before the Court are (1) Defendants' Motion to Dismiss and (2) Plaintiff's Motion to Remand. (ECF Nos. 17, 30.) For the following reasons, the Court **GRANTS** the Motion to Dismiss **in part** and **REMANDS** the case to state court for further proceedings. The Court **DENIES** the Motion to Remand **as moot**. The Court additionally **ORDERS** Plaintiff's counsel to **show cause in writing** why his filings in this Court have not violated Federal Rule of Civil Procedure ("Rule") 11.

## II.     FACTUAL BACKGROUND

### A.     Factual Allegations

Plaintiff alleges the following:

In 2018, Gund hired Plaintiff to serve as her personal pilot for air travel related to Greensprings, Gund's agricultural business. Gund regularly subjected Plaintiff "to abusive behavior and intimidation" and created a hostile work environment. (Compl. ¶ 22.) This abusive behavior included the use of "vulgar language," "complain[ing] relentlessly during critical phases of flights," and "ma[king] outrageous demands." (*Id.* ¶¶ 24–25, 27.)

UNITED STATES DISTRICT COURT                                       JS6
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-05805-RGK-AGR | Date | August 30, 2024 |
|---|---|---|---|
| Title | ***Lister v. Gund*** | | |

Plaintiff's duties changed during the COVID-19 pandemic due to Gund's reduced travel. These new duties included "trivial tasks" like shopping, running errands, and assembling office equipment and electronics in Gund's personal residence. (*Id.* ¶¶ 33, 35.) These tasks made Plaintiff uncomfortable because they required him to visit public places, putting him at risk of contracting COVID-19. Despite his discomfort, Plaintiff completed these tasks because he feared Gund would terminate his employment if he refused. Plaintiff contracted COVID-19 in November 2020 and resigned from his position on an unspecified date thereafter.

Throughout his employment, Plaintiff did not personally witness Gund engage in any activities related to farming or agriculture. Therefore, Plaintiff surmises that Greensprings is an illegitimate business used to "lease[], maintain[], and operate[] a fleet of private corporate aircraft for [Gund's] personal gratification" and as "an alibi for financial misconduct." (*Id.* ¶ 16.) This financial misconduct includes "utilizing [Greensprings] as a front, and as a sham to evade taxes, launder money and further her personal agenda." (*Id.* ¶ 18.)

**B.    Procedural History**

On June 6, 2024, Plaintiff filed the operative Complaint in Los Angeles County Superior Court asserting claims for: (1) breach of contract; (2) fraud; (3) hostile work environment and harassment; (4) employment discrimination; (5) wrongful termination; (6) a violation of California Business and Professions Code § 17200; (7) a RICO violation; and (8) intentional infliction of emotional distress. On July 10, 2024, Defendants removed the case to this Court on the basis of federal question jurisdiction by way of the RICO claim. Defendants subsequently moved to dismiss all claims. Plaintiff opposed the Motion, arguing that each of his claims is properly pleaded.

While the Motion to Dismiss was pending, on August 9, 2024, Plaintiff moved to remand the case to state court. In the Motion to Remand, Plaintiff argues that, notwithstanding the federal RICO claim, the case was not removeable because "[t]he inclusion of a RICO claim does not automatically confer federal jurisdiction over the entire action, especially when the state law claims are the primary focus of the Complaint." (Pl.'s Mot. to Remand at 6.) Plaintiff further explains that there is no federal claim on the face of the Complaint because, "[w]hile Plaintiff included a RICO claim, it is insufficiently pled and does not create federal question jurisdiction." (*Id.* at 9.)

**III.   JUDICIAL STANDARD**

**A.    Motion to Dismiss**

Under Rule 12(b)(6), a party may move to dismiss for "failure to state a claim upon which relief can be granted." Fed R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

UNITED STATES DISTRICT COURT  JS6
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-05805-RGK-AGR | Date | August 30, 2024 |
|---|---|---|---|
| Title | ***Lister v. Gund*** | | |

face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible if the plaintiff alleges enough facts to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id*. A plaintiff need not provide "detailed factual allegations" but must provide more than mere legal conclusions. *Twombly*, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

When ruling on a Rule 12(b)(6) motion, the Court must "accept all factual allegations in the complaint as true." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). The Court must also "construe the pleadings in the light most favorable to the nonmoving party." *Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152, 1159 (9th Cir. 2012). The Court, however, is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. Dismissal "is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

### B. Motion to Remand

Under the federal removal statute, a defendant may remove any case over which a federal court has original jurisdiction from state court to federal court. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction over civil claims arising under federal law. *Id.* § 1331. Upon removal, the defendant bears the burden of showing the federal court's jurisdiction. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921). Courts must "strictly construe the removal statute against removal jurisdiction" and must remand an action "if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

## IV. DISCUSSION

### A. Motion to Dismiss

Although the Court has original jurisdiction over Plaintiff's RICO claim, it has only supplemental jurisdiction over the related state law claims. 28 U.S.C. §§ 1331, 1367(a). Because the Court may decline to exercise supplemental jurisdiction if it dismisses "all claims over which it has original jurisdiction," the Court first addresses the RICO claim. *Id.* § 1367(c)(3).

RICO provides a private right of action to those injured by criminal racketeering. 18 U.S.C. § 1964. Racketeering includes a wide range of prohibited activities, including wire fraud and money laundering. *Id.* § 1961(1). Here, Plaintiff rashly presumes that because he did not personally witness Defendants engage in farming or agricultural activities, they must have committed acts for which they could be held criminally liable. Needless to say, these conclusory allegations fail to state a claim under Rule 12's plausibility standard. The Court need not discuss Plaintiff's patently inadequate pleadings any

UNITED STATES DISTRICT COURT  JS6
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-05805-RGK-AGR | Date | August 30, 2024 |
|---|---|---|---|
| Title | *Lister v. Gund* | | |

further, however, since Plaintiff himself admits that his claim is "insufficiently" pleaded.[1] (Pl.'s Mot. to Remand at 9.) Accordingly, the Court **DISMISSES** the RICO claim and **REMANDS** the case to state court for further proceedings.

### B. Motion to Remand

Having declined to exercise supplemental jurisdiction over the state law claims, the Court **DENIES** the Motion to Remand **as moot**. Plaintiff additionally seeks attorneys' fees for time expended drafting the Motion under 28 U.S.C. § 1447, which provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The Court declines Plaintiff's request. As explained below, Plaintiff alone is responsible for any expense associated with this apparently frivolous filing.

### C. Rule 11

Under Rule 11, an attorney presenting a writing to a court certifies that the writing "is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation" and that its "legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(1)–(2). If a court suspects that an attorney has violated Rule 11, it may, on its own initiative, order him to show cause why he should not be sanctioned. *Id.* 11(c)(3). If the court is unsatisfied with the attorney's response, it may impose sanctions "limited to what suffices to deter repetition of the conduct," including monetary penalties. *Id.* 11(c)(4).

Plaintiff's filings in this Court seem to "lack[] an arguable basis either in law or in fact," and therefore appear frivolous. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). By admitting that his RICO claim is "insufficiently" pleaded, Plaintiff implicitly admits to improperly asserting the claim and opposing its dismissal. It should go without saying that a plaintiff who knowingly asserts a meritless claim inexcusably wastes the resources of the court and the party against whom he asserts it.

Unfortunately, Plaintiff's frivolity goes even further, as his Motion to Remand is premised upon the absurd proposition that a federal question is not evident on the face of a complaint if the complaint asserts primarily state law claims. Perhaps unsurprisingly, Plaintiff fails to support his position, or even an argument for an extension, modification or reversal of existing law, with appropriate legal authority.

---

[1] In his Reply, Plaintiff insists that he "has **not** conceded that the RICO claim is deficient . . . ." (Reply at 1, ECF No. 38 (emphasis in original).) Plaintiff's attempts to deny his previous statements are, of course, unavailing.

UNITED STATES DISTRICT COURT  JS6
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-05805-RGK-AGR | Date | August 30, 2024 |
|---|---|---|---|
| Title | *Lister v. Gund* | | |

In fact, Plaintiff resorts to material misrepresentation of his cited legal authority. The most egregious instance of legal misrepresentation is Plaintiff's contention that two courts[2] have said, "the presence of a federal claim in a state court action does not automatically make the case removable." (Pl.'s Mot. to Remand at 6, 10.) This quotation appears completely fabricated, as neither case includes *any* language that could reasonably be construed to stand for this proposition. In fact, the Court could not find any court, in any jurisdiction, that has ever said such a thing. But this is not surprising. It is entirely unremarkable and uncontroversial that: (1) federal courts have original jurisdiction over claims arising under federal law and (2) any claim over which a federal court has original jurisdiction can be removed from state court. 28 U.S.C. §§ 1331; 1441(a).

Because Plaintiff's filings appear to fall short of the basic professional and ethical standards set forth in Rule 11, the Court **ORDERS** Plaintiff's counsel to **show cause in writing** why his conduct has not violated the Rule. Such a response is limited to **five pages** in length and must be filed within **seven days** of this Order's issuance.

### V. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Motion to Dismiss **in part** and **DISMISSES** the RICO claim. The Court declines to exercise supplemental jurisdiction over the remaining state law claims and **REMANDS** the case to state court for further proceedings. Finally, the Court **ORDERS** Plaintiff's counsel to **show cause in writing** why his filings have not violated Rule 11. Such a response is limited to **five pages** in length and must be filed within **seven days** of this Order's issuance.

**IT IS SO ORDERED.**

cc: LASC, 24LBCV01193

                                                                    :
                                    Initials of Preparer         JRE/ak

---

[2] Plaintiff represents that this exact quoted language appears in *ARCO Env't Remediation, L.L.C. v. Dep't of Health & Env't Quality of Mont.*, 213 F.3d 1108, 1113 (9th Cir. 2000) and *Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100, 106 (5th Cir. 1996).